**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ALANE DENTON**                                                                                      **PLAINTIFF**

**VS.**                                                                          **CAUSE NO.: 4:13CV107-A-V**

**MCS INDUSTRIES, INC.**                                                                     **DEFENDANT
JURY TRIAL DEMANDED**

**DEFENDANT MCS INDUSTRIES, INC.'S AFFIRMATIVE DEFENSES
AND ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW, MCS Industries, Inc., and submits its affirmative defenses and answer to the Complaint in this action as follows:

Defendant specifically answers the allegations of the Plaintiff's Complaint as follows:

To the extent necessary, Defendant denies the first unnumbered paragraph of the Complaint, except that Defendant acknowledges that Plaintiff is suing Defendant for an alleged violation of the Family and Medical Leave Act ("FMLA").  Defendant denies all wrongdoing and liability to Plaintiff.

**PARTIES**

1.

Upon information and belief, Defendant admits Plaintiff resides in Greenwood, Mississippi, and that she worked for Defendant from approximately June 2007 until approximately November 2011.

2.

Defendant admits it is a Pennsylvania corporation with its principal place of business in Easton, Pennsylvania, and that it is in the frame and home décor business.

## JURISDICTION AND VENUE

### 3.

Defendant admits that this Court has jurisdiction over claims brought pursuant to 29 U.S.C. § 2601 *et seq.*, but denies that plaintiff can satisfy the elements of the claims asserted. Defendant further admits that the Plaintiff alleges that at least $75,000 is in controversy, but denies that Plaintiff has suffered any damages caused by Defendant and denies all remaining allegations of Paragraph 3.

### 4.

Upon information and belief, Defendant admits that venue is proper in this Court but denies the remaining allegations of Paragraph 4 of the Complaint.

## GENERAL ALLEGATIONS

### 5.

Defendant admits plaintiff began her employment on or about June 30, 2007, that she worked with Defendant's customer, Wal-Mart, that her starting salary was approximately $115,000 annualized, that while working with Defendant, she served as a category manager at one time and as sales manager at one time, that her salary at least during part of 2008 was approximately $132,250 annualized, and that her annualized salary was later reduced to approximately $115,000 annualized.  Defendant is without sufficient knowledge or belief to either admit or deny the remaining allegations of Paragraph 5 of the Complaint; therefore, they are denied. Defendant avers that all of these employment actions were legitimate, lawful, non-discriminatory and non-retaliatory.

### 6.

Defendant denies the allegations of Paragraph 6 of the Complaint as phrased.

7.

Defendant is without sufficient knowledge or belief to either admit or deny the allegations of Paragraph 7 of the Complaint; therefore, they are denied.

8.

Defendant admits that Plaintiff has attached a copy of the Department of Labor's form entitled "*Notice of Eligibility and Rights and Responsibilities*" (dated October 10, 2011), to the Complaint, but denies the remaining allegations of Paragraph 8 of the Complaint.

9.

Defendant denies the allegations of Paragraph 9 of the Complaint as phrased.

10.

Defendant denies the allegations of Paragraph 10 of the Complaint as phrased.

11.

Defendant denies the allegations of Paragraph 11 of the Complaint as phrased.

12.

Defendant denies the allegations of Paragraph 12 of the Complaint as phrased.

13.

Defendant denies the allegations of Paragraph 13 of the Complaint as phrased.

14.

Defendant denies the allegations of Paragraph 14 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF FMLA – DENIAL OF FMLA**

15.

Defendant incorporates herein its responses to Paragraphs 1-14 by this reference thereto as if fully recopied.

16.

The first sentence in Paragraph 16 of the Complaint asserts a legal conclusion for which a response is not necessary. Should Defendant be mistaken, that allegation is denied. Defendant denies the remaining allegations of Paragraph 16 of the Complaint.

17.

The allegations of Paragraph 17 of the Complaint assert a legal conclusion for which a response is not necessary. Should Defendant be mistaken, the allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 of the Complaint assert a legal conclusion for which a response is not necessary. Should Defendant be mistaken, the allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 of the Complaint assert a legal conclusion for which a response is not necessary. Should Defendant be mistaken, the allegations of Paragraph 19 are denied.

**SECOND CLAIM FOR RELIEF**
**<u>VIOLATION OF FMLA – RETALIATION</u>**

20.

Defendant incorporates herein its responses to Paragraphs 1-19 by this reference thereto as if fully recopied.

21.

The allegations of Paragraph 21 of the Complaint assert a legal conclusion for which a response is not necessary. Should Defendant be mistaken, the allegations of Paragraph 21 are denied.

22.

Defendant denies the allegations of Paragraph 22 of the Complaint.

23.

Defendant denies the allegations of Paragraph 23 of the Complaint.

24.

Defendant denies the allegations of Paragraph 24 of the Complaint.

25.

Defendant denies the allegations of Paragraph 25 of the Complaint.

26.

Defendant denies the allegations of Paragraph 26 of the Complaint.

## **CLAIMS FOR RELIEF**

Defendant denies the allegations of the last unnumbered paragraph and subsections a. through f. of the Complaint, inclusive.

Defendant denies any and all allegations not specifically admitted.

Defendant reserves the right to amend its pleadings to assert any additional defenses that may become apparent during the course of this lawsuit, including affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

**FIRST DEFENSE**

Defendant is not an "employer" and/or the Plaintiff is not an "eligible employee" as defined by the Family and Medical Leave Act ("FMLA").

**SECOND DEFENSE**

Although Defendant denies having engaged in any unlawful, improper or actionable conduct, it avers that even if the Plaintiff's allegations were believed, Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendant, or to otherwise avoid harm.

**THIRD DEFENSE**

All employment actions were made for legitimate, non-discriminatory reason(s).

**FOURTH DEFENSE**

The Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands, and laches.

**FIFTH DEFENSE**

Defendant did not engage or participate in, authorize, permit, direct, condone or ratify any alleged unlawful, retaliatory, improper or otherwise actionable conduct.  At all times, it acted in good faith.

**SIXTH DEFENSE**

Defendant exercised reasonable care to prevent any conduct in violation of the FMLA.

**SEVENTH DEFENSE**

Defendant did not engage in conduct warranting liquidated damages.

## EIGHTH DEFENSE

Liquidated damages cannot be justified in this case, and any award for extra contractual damages against Defendant would be in violation of the constitutional safeguards provided to Defendant under the constitutions of the State of Mississippi and the United States of America.

## NINTH DEFENSE

To the extent that any recovery on the plaintiff's Complaint may be barred due to after-acquired evidence, any recovery to which the plaintiff might otherwise be entitled must be appropriately offset.

## TENTH DEFENSE

If the plaintiff has suffered any damages, they are the proximate result of some superseding or intervening cause or conduct on the part of some party other than Defendant.

## ELEVENTH DEFENSE

The plaintiff has failed to mitigate her damages, if any.

## TWELFTH DEFENSE

Defendant is entitled to a set-off against the Plaintiff's claim for damages that the Plaintiff did or could have earned through reasonable efforts, and of any amounts paid to or on behalf of the plaintiff by Defendant.

## THIRTEENTH DEFENSE

The Plaintiff is barred from pursuing claims for liquidated damages because Defendant did not engage in any acts or omissions that would rise to the level required to sustain an award of liquidated damages. The alleged conduct, which Defendant denies, never approached wanton or willful conduct so as to support liquidated damages.

**FOURTEENTH DEFENSE**

Defendant acted in good faith and had reasonable grounds for believing that its acts or omissions were not in violation of FMLA.  Defendant exercised reasonable care to prevent any conduct in violation of the FMLA.

**FIFTEENTH DEFENSE**

Defendant reserves the right to amend its pleadings to assert any additional defenses that may become apparent during the course of this lawsuit, including affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure.

AND NOW HAVING FULLY ANSWERED Plaintiff's Complaint, Defendant MCS Industries, Inc. requests that each count of Plaintiff's Complaint be dismissed in its entirety, that Plaintiff take nothing, and that Defendant be awarded its costs and attorney's fees pursuant to any and all statutes and rules that would allow Defendant to recover attorney's fees, costs, or such other relief as the Court deems proper.

THIS the 7th day of October, 2013.

> Respectfully submitted,
>
> MCS INDUSTRIES, INC.
> Defendant
>
>
> /s/Timothy M. Threadgill
> TIMOTHY M. THREADGILL, MB # 8886
> Butler, Snow, O'Mara, Stevens &
>           Cannada, PLLC
> P. O. Box 6010
> Ridgeland, MS 39158-6010
> Tel:  601-985-4505
> Fax: 601-985-4500
> E-mail: tim.threadgill@butlersnow.com
>
> ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, Timothy M. Threadgill, one of the attorneys for Defendant herein, certify that the foregoing was filed electronically with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Jay M. Kilpatrick
Young Wells Williams Simmons P.A.
4450 Old Canton Rd., Suite 200
Jackson, MS 39211
P.O. Box 23059
Jackson, MS 39225-3059
jkilpat@youngwells.com

ATTORNEYS FOR PLAINTIFF

SO CERTIFIED, this the 7th day of October, 2013.

/s/ Timothy M. Threadgill
TIMOTHY M. THREADGILL

ButlerSnow 17944641v1